# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 6:23-CV-261** |
| | § | |
| **(1) REAL PROPERTY LOCATED AT** | § | |
| **107 CECELIA LANE, DIANA, UPSHUR** | § | |
| **COUNTY, TEXAS, INCLUDING ALL** | § | |
| **BUILDINGS, APPURTENANCES, AND** | § | |
| **IMPROVEMENTS THEREON; and** | § | |
| **(2) REAL PROPERTY LOCATED AT** | § | |
| **215 ALEXIS DRIVE, LONGVIEW, HARRISON** | § | |
| **COUNTY, TEXAS, INCLUDING ALL** | § | |
| **BUILDINGS, APPURTENANCES, AND** | § | |
| **IMPROVEMENTS THEREON;** | § | |
| **(3) REAL PROPERTY LOCATED AT** | § | |
| **445 DEER BROOKE DRIVE, ALLEN,** | § | |
| **COLLIN COUNTY, TEXAS, INCLUDING ALL** | § | |
| **BUILDINGS, APPURTENANCES, AND** | § | |
| **IMPROVEMENTS THEREON;** | § | |
| **(4) REAL PROPERTY LOCATED AT** | § | |
| **3722 BEN HOGAN DRIVE, LONGVIEW,** | § | |
| **GREGG COUNTY, TEXAS, INCLUDING ALL** | § | |
| **BUILDINGS, APPURTENANCES, AND** | § | |
| **IMPROVEMENTS THEREON;** | § | |
| **(5) REAL PROPERTY LOCATED AT** | § | |
| **6575 STATE HIGHWAY 155 S, BIG SANDY,** | § | |
| **UPSHUR COUNTY, TEXAS, INCLUDING ALL** | § | |
| **BUILDINGS, APPURTENANCES, AND** | § | |
| **IMPROVEMENTS THEREON;** | § | |
| **(6) REAL PROPERTIES LOCATED AT** | § | |
| **8955 U.S. HIGHWAY 271 N, GILMER,** | § | |
| **UPSHUR COUNTY, TEXAS, INCLUDING ALL** | § | |
| **BUILDINGS, APPURTENANCES, AND** | § | |
| **IMPROVEMENTS THEREON;** | § | |
| **(7) REAL PROPERTY LOCATED AT** | § | |

**717 U.S. HIGHWAY 271 N, GILMER,** §
**UPSHUR COUNTY, TEXAS, INCLUDING ALL** §
**BUILDINGS, APPURTENANCES, AND** §
**IMPROVEMENTS THEREON;** §
**(8) REAL PROPERTY LOCATED AT** §
**1728 U.S. HIGHWAY 259 S, DIANA,** §
**UPSHUR COUNTY, TEXAS, INCLUDING ALL** §
**BUILDINGS, APPURTENANCES, AND** §
**IMPROVEMENTS THEREON;** §
**(9) REAL PROPERTY LOCATED AT** §
**1722 U.S. HIGHWAY 259 S, DIANA,** §
**UPSHUR COUNTY, TEXAS, INCLUDING ALL** §
**BUILDINGS, APPURTENANCES, AND** §
**IMPROVEMENTS THEREON; AND** §
**(10) REAL PROPERTY LOCATED AT** §
**1000 AND 1048 FM 1404, BIG SANDY,** §
**UPSHUR COUNTY, TEXAS, INCLUDING ALL** §
**BUILDINGS, APPURTENANCES, AND** §
**IMPROVEMENTS THEREON** §
    **Defendants.** §

## VERIFIED COMPLAINT FOR FORFEITURE

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of

America, Plaintiff, brings this complaint for forfeiture and alleges as follows:

## NATURE OF ACTION

1.      This matter is an *in rem* action brought against the following defendant

property:

      a.      The real property located at 107 Cecelia Lane, Diana, Upshur
           County, Texas:

           Lot 3 Magnolia Ridge Subdivision, Phase 5, a part of the James
           Scott Survey, A-440, Upshur County, Texas, according to the plat
           recorded under Clerk's File No. 201306438, Official Public Records
           of Upshur County, Texas.

b.      The real property located at 215 Alexis Drive, Longview, Harrison County, Texas:

Lot 12, Block 1, of Hillcrest Trails Phase I, according to the plat of said addition recorded in Cabinet B, Slide 122-B, in the Plat Records of Harrison County, and Clerk's File No. 201003223, Official Public Records, Gregg County, Texas.

c.      The real property located at 445 Deer Brooke Drive, Allen, Collin County, Texas:

Lot 77, Block A, of Reid Farm Addition, Phase 1, an addition to the City of Allen, Collin County, Texas, according to the plat whereof recorded in Cabinet L, Slide 589, of the Map Records of Collin County, Texas.

d.      The real property located 3722 Ben Hogan Drive, Longview, Gregg County, Texas:

Lots 13 & 14, Block 6009, Oak Forest Addition, Unit No. 4, an addition in the William Robinson Survey, A-177, Gregg County, Texas, as shown by plat of said addition recorded in Vol. 1272, Pg. 289, of the Deed Records, Gregg County, Texas.

e.      The real property located at 6575 State Highway 155 S, Big Sandy, Upshur County, Texas:

All that lot or parcel of land together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located and known as 6575 State Hwy 155 S, Big Sandy, Upshur County, Texas, with a legal description of:

All the certain lot, tract or parcel of land being situated on the Seth Hazel Survey, Abstract No. 197, Upshur County, Texas and being the residue of that 1.91 acre referenced in Warranty Deed from Clifford O. Plant to Aaron E. Ramsey and wife, Michael E. Ramsey recorded by Clerk's Instrument No. 200709883 and said 1.91 acre tract being described in Warranty Deed from Monaque Gage and wife, Doris Gage to Clarence Lanier Maberry and wife, LaWaunda

Lee Maberry recorded in Volume 332, page 588 of the Official Public Records and Deed Records, respectively of said county.  Said lot, tract or parcel of land being more particularly described as follows:

BEGINNING at a ½" rebar set for the Northeasterly corner of this tract being the Northwesterly of that 0.67 acre tract described in Warranty Deed conveyed Instant Action Management, LLC as recorded in Clerk's Instrument No 201901339 O.P.R. and being on the Southeasterly ROW line of State Highway No. 155 and bears N 44 deg. 30 min. 00 sec. E 1.25 ft. from a fence corner post of 6 ft. chain link fence;

THENCE S 32 deg. 53 min. 34 sec. E 29.5 ft. pass the Northerly side of a stone column and continuing with the center of series of stone columns and a stone wall at grade level pass the center of the Southwesterly corner column and leaving said stone column and wall a total of 248.26 ft. a ½" rebar set for the Southeasterly corner of this tract being an inner ell corner of the residence of the 4.8 acre tract described in Warranty Deed to Pritchett Community Improvement Corporation recorded in Volume 237, Page 304 D.R. and bears N 44 deg. 05 min. 15 sec. W 1.76 ft. from a fence corner post of a said fence;

THENCE S 56 deg. 51 min. 26 sec. W 238.78 ft. running on the North side of said fence a ½" rebar set for the Southerly Southwest corner of this tract being the Southeasterly corner of that 0.299 acre tract described in Warranty Deed conveyed to Clarence, Jr. and Amy Maberry recorded in Volume 166, Page 816 O.R. and bears N 33 deg. 44 min. 50 sec. W 2.14 ft. from a fence corner post of said fence;

THENCE N 33 deg. 44 min. 50 sec. W 110.18 ft. to a fence corner post of said fence for an inner ell corner of this tract;

THENCE S 54 deg. 02 min. 18 sec. W 70.86 ft. to a fence corner post of said fence for the Northerly Southwest corner of this tract;

THENCE N 35 deg. 53 min. 04 sec. W 135.99 ft. to a ½" rebar set for the Northwesterly corner of this tract being the Northeasterly corner of that 0.17 acre tract described in Warrant Deed conveyed to Darren P. Watkins recorded by Clerk's Instrument No. 200632205 O.P.R. and being on said ROW line;

THENCE follow the arc of said ROW line to the Right having a chord bearing of N 55 deg. 49 min. 28 sec. E at 318.36 ft., a Radius of 9,499.05 ft., a Length of 318.38 ft. to the Point of Beginning and

containing 1.592 acres of land as surveyed by George Taylor, R.P.L.S. No. 5246.

f.  The real properties located at 8955 U.S. Highway 271 N, Gilmer, Upshur County, Texas;

All that certain lot, tract or parcel of land being situated on the Freeman Prather Survey, Abstract No. 391, Upshur County, Texas and being a 0.516 acre tract conveyed to Stanley Staadt and Carol Staadt by Warrant Deed recorded by Clerk's Instrument No. 201402972 of the Official Public Records of said county. Said lot, tract of parcel of land being more particularly described as follows:

BEGINNING at a ½' rebar set for the Southeast corner of this tract being the Northeast corner of that 0.37 acre tract conveyed to Ralph Luccous by Warranty Deed recorded by Clerk's Instrument No. 201201109 O.P.R. being on the West ROW line of state Highway No. 271and bears N 01 deg. 22 min. 49 sec. E. 180.93 ft. from a found concrete highway monument and S 87 deg. 37 min. 37 sec. E 3.92 ft. form a found ½' rebar;
THENCE N 87 deg. 37 min. 37 sec. W 92.31 ft. to a galvanized crossarm brace found for the Southwest corner of this tract being the Northwest corner of said 0.37 acre tract being in the East line of that 73.779 acre tract conveyed to JSMJ Investments LTD by General Warranty Deed recorded by Clerk's Instrument No. 200603866 O.P.R;
THENCE N 00 deg. 35 min. 59 sec. W 231.75 ft. to a 9" wooden fence corner post held for the Northwest corner of this tract;
THENCE N 88 deg. 52 min. 08 sec. E 87.81 ft. to a railroad spike found for the most Northerly Northeast corner of this tract being on said R.O.W. line;
THENCE along said R.O.W. line the following:
S 43 deg. 02 min. 44 sec. E 21.70 ft to a found brass highway monument;

S 01 deg. 22 min. 49 sec. W 219.38 ft. to the Place of Beginning and containing 0.516 acres of land as surveyed by George Taylor, R.P.L.S. No. 5246.

—AND—

Being a 1.141 acre tract situated in the L.B. Brown Survey, Abstract 23, Upshur County, Texas, and said tract being part of the residue of a called 8 acre tract of land described in a deed to Bruce Nix and wife Glenda Fay Nix filed July 27, 2015 and recorded in Volume 1205, Page 551, Official Public Records of said county, said1.141 acre tract being more particularly described as follows:

Beginning at a ½ inch iron rod set for a comer in the South line of said 8 acre tract, same being the North line of a called 10.477 acre tract of land described in Volume 1097, Page 742, Official Public Records, a 1 inch iron pipe found at the Northeast comer of said 10.477 acre tract bears S 89 deg. 44 min. 49 sec. E distance of 351.42 feet;
THENCE N 89 deg. 44 min. 49 sec. W (deed 1097/742 S 89 deg. 44 min. 49 sec. E) along said North line of said 10.477 acre tract (Bearing Base) and along the South line of said 8 acre tract, a distance of 301.21 feet to a ½ inch iron rod set for a corner in the East right of way line of U.S. Highway No. 271;
THENCE N 07 deg. 21 min. 24 sec. W along said right of way line a distance of 59.17 feet to a broken concrete right of way marker;
THENCE N 01 deg. 44 min. 25 sec. E continuing along said right of way line a distance of 103.42 feet to a ½ inch iron rod set for a corner, a type II right of way marker bears N 01. Deg. 44 min. 25 sec. E a distance of 184.69 feet;
THENCE S 89 deg. 44 min. 49 sec. E a distance of 306.35 feet to a ½ inch iron rod set for a corner;
THENCE S 00 deg. 15 min. 11 sec. E a distance of 162.03 feet to the Point of Beginning and containing 1.141 acres of land.

g.    The real property located at 717 U.S. Highway 271 N, Gilmer, Upshur County, Texas;

Lots 1 and 2 reflected on a survey made by R. E. McClelland for Mrs. J.C. Miller dated December 2, 1946, recorded in Volume 1, page 135, being a portion of the residue of the property owned by Mrs. J.C. Miller lying East of Titus Street and West of U.S. Highway 271 in the W.H. Hereford Survey, which Lots 1 and 2 are more completely described by metes and bounds as follows:
BEGINNING at the SE corner of the Bostwick Tract, also being the NE Corner of Lot 2;

THENCE West 249 feet to the NW Corner of said Lot 2;
THENCE South 100 feet to the SW Corner of Lot 1, being also the
SE Corner of the Farrow tract;
THENCE East 239 feet to the West line of U.S. Highway 271, 100
feet to the place of Beginning.

h.      The real property located at 1728 U.S. Highway 259 S, Diana,
Upshur County, Texas;

All that certain lot, tract, or parcel of land being situated on the
Elijah Martin Survey, Abstract No. 323, Upshur County, Texas and
being a 1.141 acre residue tract of that 1.904 acres parent tract
described in Warranty Deed conveyed to Earl Shaver and Rhonda
Shaver recorded in Vol. 154, Page 948 of the Official Records of
said county, Said lot, tract or parcel of land being more particularly
described as follows:

BEGINNING at a 5/8' rebar found on the North side of a x-tie fence
corner post for the Northwest corner of said parent tract being the
Southwest corner of that 1.066 acre tract described in Special
Warrant Deed conveyed to NIK Properties, LLC recorded by Clerk's
Instrument No. 201601816 O.P.R. and being a corner of the East line
of that 210.55 acre tract described in Warrant Deed conveyed to
New Diana I.S.D. recorded in Vol. 396, Page 449 O.P.R.;
THENCE S 88 deg. 29 min. 36 sec E. 161.91 ft. following the
Westerly North line of said parent tract to a 3/8" cap "759-5048
4445" found for the Northwest corner of that 0.195 acre tract
described in Warranty Deed conveyed to Diana Special Utility
District recorded by Clerk's Instrument No. 201704244 O.P.R. and
at an outer ell corner of a 6 ft. chain link fence;
THENCE S 04 deg. 36 min 46 sec. E 123.88 ft. following the West
line of said 0.195 acre tract to a 3/8" cap "759-5048 445" found for
the Southwest corner of same and being at an inner ell corner of said
fence;
THENCE N 88 deg. 29 min. 24 sec. E 69.80 ft. following the South
line of said line 0.195 acres tract to a ½" rebar found for the
Southeast corner of same and being the Southwest corner of that
0.4802 acre tract described in Warranty Deed recorded in Vol. 576,
Page 879 O.P.R.;

THENCE S 88 deg. 34 min. 16 sec. E 175.37 ft. following the South line of said 0.4802 acre tract to a ½' rebar found for the Southeast corner of same being the most Easterly Northeast corner of said parent tract and being on the West R.O.W. line of U.S. Highway No. 259;

THENCE S 06 deg. 04 min. 25 sec. E 7.56 ft. following said R.O.W. line to a ½" rebar set for the Northeast corner of that 0.0896 acre tract partitioned this day (4/26/21);

THENCE S 86 deg. 34 min. 18 sec. E 204.41 ft. following the North line of said 0195 acre partition to a ½" rebar set for the Northwest corner of same;

THENCE S 05 deg. 11 min. 38 sec. E 18.90 ft. following the West line of said 0.195 acre partition pass a ½" rebar set for the Southwest corner of same, and being the Northwest corner of that 0.171 acre tract partitioned this day, continuing following the West line of said 0.171 acre tract at 54.69 ft. a 3/8" cap "759-5048 4445" found for the Southeast corner of same being the Northwest corner of hat 0.308 acre tract described in Warranty Deed conveyed to Suntharoth Yean recorded by Clerk's Instrument No. 201701327 O.P.R., continuing following the East line of said 0.308 acre tract at a total of 109.79 ft. to a 3/8" cap "759-5048 4445" found for the Southwest corner of same being the most Southerly Southeast corner of this residue tract and being in the North line of that 2.506 acre tract described in Warranty Deed conveyed to Security State Bank recorded in Vol. 129, Page 399 O.P.R. and bears N 87 deg. 17 min. 22 sec. W 205.93 ft. from a 3/8" cap "759-5048 4445" found for the Southeast corner of said 0.308 acre tract;

THENCE N 87 deg. 18 min. 10 sec. W 207.55 ft. following the South line of said parent tract to a ½" rebar found for the Southwest corner of same being the Northwest corner of said 2.506 acre tract and being a corner of said New Diana I.S.D. 210.55 acre tract;

THENCE N 03 deg. 43 min. 57 sec. w 250.12 ft. following the West line of said parent tract being an East line New Diana I.S.D. 210.55 acre tract to the point of beginning, containing 1.141 acres of land, more or less.

i.  The real property located at 1722 U.S. Highway 259 S, Diana, Upshur County, Texas;

All that certain tract or parcel containing 0.410 acre of land in the Elijah Martin Survey, A-323, Upshur County, Texas, being a portion of a tract which was called 1.066 acre conveyed from Donald O. Nicholson to NIK Properties, LLC by an instrument of record in Clerks File #201601816, Upshur County Official Public Records (UCOPR), said 0.410 acre being more particularly by metes and bounds as follows, basing bearings on the Texas Coordinate System of 1983, North Central Zone, to wit:

BEGINNING at a ½" iron rod found for the Northwest corner, being the Northwest corner of said 1.066 acre tract and the Southwest corner of a tract which was called 1.375 acres conveyed from PB investment 17, LLC to AA Diana, LLC, by an instrument of record in Clerks File #202103015, UCOPR, lying in the East line of a tract which was called 210.55 acres conveyed from John Don Looney to New Diana Independent School District by an instrument of record in Clerks File #200100462, UCOPR;

THENCE N 86 deg. 46 min. 23 sec E, 150.07 feet along the common line of said 1.06 acre tract and said 1.375 acre tract to a ½" iron rod found for the Northeast corner, being the Northeast corner of a 20' wide 0.054 acre Drainage Easement surveyed this day, the Southeast corner of said 1.375 acre tract and the Southwest corner of a tract which was called 0.738 acre conveyed from Hank Fontes, et ux, to Diana FD, LLC, by an instrument of record in Clerks File #201802924, UCOPR;

THENCE S 14 deg. 35 min. 51 sec. E, 116.57 feet crossing said 1.066 acre tract, along the East line of said drainage easement to a ½" iron rod found for the Southeast  corner, being the Southeast corner of said drainage easement, the Northwest corner of a tract which was called 1.141 acres conveyed from Earl D. Shave, et ux to Instant Action Management, LLC, by and instrument of record in Clerks File #202106001, UCOPR, and the Northwest corner of a tract which was called 0.1965 acre conveyed from Earl Shaver, et ux, to Diana Special Utility District, by an instrument of record in Clerks File #201704244, UCOPR;

THENCE S 86 deg. 39 min. 25 sec. W, 162.33 feet along the common line of said 1.066 acre tract and said 1.141 acre tract to a ½" iron rod found for the Southwest corner, being the Southwest corner of said 1.066 acre tract and the Northwest corner of said 1.141 acre tract, lying in the East line of said 210.55 acre tract;

THENCE N 08 deg. 34 min. 21 sec. W, 115.12 feet along the common line of said 1.066 acre tract and said 210.55 acre tract to the PLACE OF BEGINNING, containing 0.410 acre of land, more or less.

TOGETHER WITH AND SUBJECT TO THE DRAINAGE RIGHTS OF OTHERS OVER AND ON THE FOLLOWING DESCRIBED 20' WIDE DRAINAGE EASEMENT:

All that certain drainage easement containing 0.054 acre of land in the Elijah Martin Survey, A-323 Upshur County, Texas, being a portion of a tract which was called 1.066 acres conveyed from Donald O. Nicholson to NIK Properties, LLC, by an instrument of record in Clerks File #201601816, Upshur County Official Public Records (UCOPR), said 0.054 acre being more particularly described by metes and bounds as follows, basing bearings on the Texas Coordinate System of 1983, North Central Zone, to wit:

BEGINNING at a ½" iron rod found for the Northeast corner, being the Northeast corner of a 0.410 acre tract surveyed this day, the Southeast corner of a tract which was called 1.375 acres conveyed from PB Investment 17, LLC to AA Diana, LLC, by an instrument of record in Clerks File #202103015, UCOPR, and the Southwest corner of a tract which was called 0.738 acre conveyed from Hank Fontes, et ux, to Diana FD, LLC, by an instrument of record in Clerks File #201802924, UCOPR, lying in the North line of said 1.066 acre tract;

THENCE S 14 deg. 35 min. 51 sec. E, 116.57 feet crossing said 1.066 acre tract, along the East line of said 0.410 acre tract to a ½" iron rod found for the Southeast corner, being the Southeast corner of said 0.410 acre tract, the Northeast corner of a tract which was called 1.141 acres conveyed from Earl D. Shaver, et ux, to Instant Action Management, LLC, by an instrument of record in Clerks File #202106001, UCOPR, and the Northwest corner of a tract which was called 0.195 acre conveyed from Earl Shaver, et ux, to Diana Special Utility District, by an instrument of record Clerks File #201704244, UCOPR;

THENCE S 86 deg. 39 min. 25 sec. W, 20.39 feet along the common line of said 1.066 acre tract, said 0.410 acre tract and said 1.141 acre tract to a point for the Southwest corner, from which a ½" iron rod found for the Southwest corner of said 1.066 acre tract, the Southwest corner of said 0.410 acre tract and the Northwest corner

of said 1.141 acre tract, bears S 86 deg. 39. min. 25 sec. W, 141.94 feet;

THENCE N 14 deg. 35 min. 51 sec. W, 116.62 feet crossing said 1.066 acre tract and said 0.410 acre tract to a point for the Northwest corner, lying in the North line of said 1.066 acre tract and the said 0.410 acre tract and the South line of said 1.375 acre tract, from which ½" iron rod found for the Northwest corner of said 1.066 acre tract, the Northwest corner of said 0.410 acre tract and the Southwest corner of said 1.375 acre tract, bears S 86 deg. 46 min. 23 sec. W, 129.67 feet;

THENCE N 86 Deg. 46 min. 23 sec. E, 20.40 feet along the common line of said 1.066 acre tract, said 0.410 acre tract and said 1.375 acre tract to the PLACE OF BEGINNING, containing 0.054 acre of land, more or less.

j.   The real property located at 1000 and 1048 FM 1404, Big Sandy, Upshur County, Texas

Being .67 acre of land lying in the Seth Hazel HR Survey, Abstract No. 197, Upshur County, Texas, and being a re-survey of the D.W. Gage lots in the town of Pritchett, and better described as follows: BEGINNING at the point where the SBL of the ROW of State Highway 155 intersects the WBL of State Farm Road No. 1404 ROW;

THENCE in a Southerly direction with and along the WBL of said State Farm Road, the course of which is S 24 deg. E 50 ft; S 18 deg. 15 min. E 50 feet; S 09 deg. 10 min. E 50 feet; and S 01 deg. W 120.5 ft. to a stake for corner at the SEC of said Gage property, said corner being also the NEC of the land known as Pritchett School lot;

THENCE North 88 deg. 10 min. W 127 ft. with the NBL of said school lot to an ell corner of same;

THENCE North 32 deg. W 182 ft. with said lot to a stake for the NWC of same, said corner being in the East edge of the ROW of State Highway No. 155;

THENCE North 58 deg. 10 min. E 214 ft. with said highway ROW to the place of beginning and containing .67 acre of land.

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345 and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

3.      The Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in the Eastern District of Texas.  The Court also has in rem jurisdiction over the defendant property located in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b).

4.      Venue is proper pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in the Eastern District of Texas.

## LEGAL BASIS FOR FORFEITURE

5.      The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a) because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and 1957, and/or is property traceable to violations of 18 U.S.C. §§ 1956, and 1957; and pursuant to 18 U.S.C. § 981(a)(1)(C) because it is any property, real or personal, which constitutes or is derived from a proceeds traceable to a violation of an offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), namely a violation of 18 U.S.C. §§ 1084 and 1955, or a conspiracy to commit such offense.

## FACTUAL BACKGROUND

6.      Over the last several years, the Department of Homeland Security,

Homeland Security Investigations (HSI) investigated several individuals in East Texas

suspected to be involved in an illegal gambling and money laundering enterprise.  The

suspects in this investigation have laundered proceeds from illegal gambling in the form

of online play as well as physical game rooms, commonly referred to as "sweepstakes"

rooms.  Five or more persons have conducted, financed, managed, supervised, directed,

or owned all or part of these gambling businesses, which have been or remained in

substantially continuous operation for a period in excess of thirty days or have a gross

revenue of $2,000 in any single day.  The gambling is illegal according to the Texas

Penal Code and, therefore, is in violation 18 U.S.C. § 1955, Prohibition of Illegal

Gambling Business.  Suspects are also transmitting wagering information utilizing

mobile banking services such as Zelle and CashApp and communicating via social media

and text messages in violation on 18 U.S.C. § 1084. These suspects have laundered tens

of millions of dollars through multiple banks via cash, checks, wire transfer and deposits

from electronic payment platforms, primarily CashApp, in violation of 18 U.S.C. §§ 1956

and 1957.   Additionally, several of these suspects have further laundered proceeds

through the purchase of properties.

7.      Of relevant part to the immediate suit, the common thread for the gambling

and money laundering operations were Instant Action Management, LLC and Majestic

Personnel Management, LLC.  Both Instant Action and Majestic are associated with Randall Rudd and Harry Fox.  John Fox, Harry's son, was also heavily involved with those operations.

8.      According to the Texas Penal Code § 47.02(a)(3), a person commits the offense of "Gambling" if he/she plays and bets for money or other thing of value at any game played with cards, dice, balls, or any other gambling device.  Texas law defines "Gambling device" as "any electronic, electromechanical, or mechanical contrivance … that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance." According to Texas Penal Code §47.01(4)(A)(B).  A "Bet" means an agreement to win or lose something of value solely or partially by chance according to Texas Penal Code §47.01.(1)(A)(B)(C).  A person commits the offense of "Gambling Promotion" if he/she intentionally or knowingly does the following acts:  operates or participates in the earnings of a gambling place; or  for gain, becomes a custodian of anything of value bet or offered to be bet. TEX. PENAL CODE §§ 47.03.(a)(1), (3). Additionally, a person commits the offense of "Keeping a Gambling Place" if he knowingly uses or permits another to use as a gambling place any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by him/her or under their control, or rents or lets any

such property with a view or expectation that it be so used per Texas Penal Code §

47.04.(a).

9.     According to 18 U.S.C. § 1955, prohibition of illegal gambling businesses,

a prerequisite of this statute requires a violation of the State in which the illegal gambling

business is conducted.  Additionally, 18 U.S.C. § 1084 makes it illegal for someone to

engage in the business of betting or wagering using wire communication for the

transmission in interstate or foreign commerce of bets or wagers or for the transmission

of a wire communication which entitles the recipient to receive money or credit as a

result of bets or wagers, or for information assisting in the placing of bets or wagers.

These two statutes are also a "specified unlawful activity" (SUA) as defined in Title 18 §

1956(c)(7)(A) and as such certain financial transactions with proceeds derived from

violations of Section 1084 constitute federal money laundering violations per Title 18 §§

1956 and 1957.

10.    The gambling devices located at 1000 FM 1404 The Country Store LLC

locations are commonly referred to as "Sweepstakes Machines."  The so-called

"Sweepstakes" games are played on a standard central processing unit (CPU) and

computer monitor rather than a piece of casino equipment. The games are software-

based, but function in a similar manner as traditional slot-machine games, or "8-liner"

games, except that action is simulated on a computer screen rather than on mechanical

reels.  Many sweepstakes machines are loaded with a suite of games that a player can choose from.

11.    When a new player visits the gambling business, they must make an account and be assigned a unique customer ID number by an employee.  The player will then pay cash or transfer funds via mobile payment applications (CashApp, Venmo, Zelle, PayPal etc.) to an employee to add to the player's account. The player then chooses one of the gambling terminals and logs in using their unique customer ID number.  These computers run software that offers the user an assortment of different slot-machine-style games.  Many of the games on these gambling websites are similar to a traditional 8-liner with various spinning reels or columns that move and align.  The player chooses a game and selects how much they would like to "bet" or wager on each spin of the reels. Typically, the object of the game is to match like symbols across adjacent reels once they come to a stop. After placing the bet, the player then spins the electronic wheel, and the reels eventually stop. The result displayed by reels is determined at least partly by chance.

12.    When bets are won, winnings are added to an account that is displayed on the screen and formatted in credits representing dollars and cents.  When the player has expended all available credits, the amount in his winnings account is available to cash out, which is accomplished by asking the employee to cash the player out using the customer ID number.  Players are paid out in U.S. currency in whole dollar amounts.   In

some instances, the amount remaining may be left on the players' account for future use. Additionally, many of the sweepstake's games offered in game rooms can also be played remotely using a smart phone or personal computer of the player.  Game rooms commonly will advertise for these internet-based websites or provide a quick response (QR) code that players can scan with their smart phone camera to access the websites. The sign in screens often mirror the same experience that a player has in the game room.

13.     HSI reviewed the various game room applications for 2020 through 2022 for the four game rooms operated by Harry Fox and Randall Rudd.  The applications included information about the game rooms to include the property owners' names, applicant information, operations of the game rooms to include the names and personal identifiers of employees and the names of other entities that are connected to the game rooms.  A review of the 2020 through 2022 applications listed the owner of the Pritchett Game Room, Midway Game Room, Gilmer Game Room, and Diana Game Room as Instant Action Management, LLC, which is owned by Harry Fox and Randall Rudd.   The applicant for each game room was The Country Store LLC, also owned by Harry Fox and Randall Rudd.

14.     Through the course of its investigation, HSI determined that the Defendant Real Property was subject to forfeiture because it was either (1) purchased with proceeds of illegal gambling and/or money laundering; or (2) facilitated and/or was involved in the illegal gambling and/or money laundering.

**(1)    107 Cecelia Lane, Diana, Texas**
**(2)    215 Alexis Drive, Longview, Texas**

15.    Based on HSI's investigation to date, these properties were purchased with proceeds of illegal gambling and/or laundered funds.  Specifically, Randall Rudd purchased this property using proceeds from his illegal gambling and money laundering efforts derived from the gaming rooms operated in Gregg and Upshur Counties.

**(3)    445 Deer Brooke, Allen, Texas**

16.    Based on HSI's investigation to date, this property was purchased with proceeds of illegal gambling and/or laundered funds.  Specifically, Muhammad Usman Bhatti purchased this property using proceeds from illegal gambling and money laundering derived from the gaming rooms operated in Gregg and Upshur Counties.

**(4)    3722 Ben Hogan Drive, Longview, Texas**

17.    Based on HSI's investigation to date, this property was purchased with proceeds of illegal gambling and/or laundered funds.  Specifically, John Fox purchased this property using proceeds from his illegal gambling and money laundering efforts derived from the gaming rooms operated in Gregg and Upshur Counties.

**(5)     6575 State Highway 155 S, Big Sandy, Upshur County, Texas**
**(6)     8955 U.S. Highway 271 N, Gilmer, Upshur County, Texas**
**(7)     717 U.S. Highway 271 N, Gilmer, Upshur County, Texas**
**(8)     1728 U.S. Highway 259 S, Diana, Upshur County, Texas**
**(9)     1722 U.S. Highway 259 S, Diana, Upshur County, Texas**
**(10)    1000 and 1048 FM 1404, Big Sandy, Upshur County, Texas**

18.     Based on HSI's investigation to date, these properties were involved in and/or facilitated illegal gambling and/or money laundering.  Defendant Real Property 5 is known as "The Pritchett Game Room."  Defendant Real Property 6 is known as "The Midway Game Room."  Defendant Real Property 7 is known as "The Gilmer Game Room."  Defendant Real Property 8 is known as "The Diana Game Room."  Defendant Real Property 9 is known as "The Diana Cabin."  Defendant Real Property 10 at 1048 FM 1404 is known as "The Pritchett Cabin."  Defendant Real Property 10 at 1000 FM 1404 is known as "The Country Store."

19.     Defendant Real Properties 5-8 are all game rooms where customers would illegally gamble on gambling devices operated by Instant Action Management.  The Diana Cabin and the Pritchett Cabin each contained 5 gambling devices.  Even The Country Store had gaming machines located inside.

**PROCEDURE FOR RESTRAINING THE DEFENDANT REAL PROPERTY**

20.     None of the defendant real property has been seized and the government does not request authority from the Court to seize the defendant real property at this time. Pursuant to 18 U.S.C. §§ 985(b)(l) and (c)(l), the government will instead do the following:

       a.     Post notice of this action and a copy of the Complaint on the property;

      b.     Serve notice of this action and a copy of this Complaint on the real property owner and any other person or entity who may claim an interest in the real property; and

      c.     File a *lis pendens* in county records of the real property's status as a defendant in this *in rem* action.

21.     The facts and circumstances supporting forfeiture of the above-described real property are contained in the Affidavit of Special Agent Gary Jackson, attached hereto and incorporated herein by reference.

## POTENTIAL CLAIMANTS

22.     The potential claimants to the defendant property are:

Randall Rudd
215 Alexis Drive
Longview, Texas 75605

Demia Rudd
215 Alexis Drive
Longview, Texas 75605

Muhammad Usman Bhatti
445 Deer Brooke Drive
Allen, Texas 75002

Two Harbors Investment Corporation
1601 Utica Avenue South
Suite 900
St. Louis Park, Minnesota 55416

John Fox
3722 Ben Hogan Drive
Longview, Texas 75605

Harry Fox
8844 US Highway 271 North
Gilmer, Texas 75644

Instant Action Management, LLC
c/o Randall Rudd, Managing Member and Registered Agent
723 North Wood
Gilmer, Texas 75644

## CLAIM FOR RELIEF

23.    The United States respectfully requests that the Court forfeit the defendant

property to the United States, award costs and disbursements in this action to the United

States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

/s/   Robert Austin Wells
ROBERT AUSTIN WELLS
Assistant United States Attorney
Texas State Bar No. 24033327
110 N. College, Suite 700
Tyler, Texas  75702
Tel:    (903) 590-1400
Fax:    (903) 590-1437
Email: robert.wells3@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Gary Jackson, hereby state that:

1.    I am a Special Agent with the Department of Homeland Security,
       Homeland Security Investigations.

2.    I have read this Complaint, and the information contained herein is true and
       correct to the best of my knowledge.

3.    The information contained in this Complaint comes from the official files
       and records of the United States, statements from other law enforcement
       officers, and my investigation of the case.

I state and verify under penalty of perjury that the foregoing is true and correct.

GARY L
JACKSON

Digitally signed by GARY L
JACKSON
Date: 2023.05.16 15:57:47
-05'00'

Gary Jackson, Special Agent
Department of Homeland Security,
Homeland Security Investigations